ISODORE B. BENNETT, Appellant, v. COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, LONDON, ENGLAND, Respondent.— Appeal from a judgment of the Supreme Court entered in Essex county dismissing plaintiffs' complaint on the merits pursuant to a nonsuit granted at the close of plaintiff's case; also appeal from the order granting said nonsuit. The action is brought to recover under a policy of fire insurance. The defendant through its agent Whalen issued the policy in question covering plaintiff's stock of merchandise in a store in Massena, N. Y. On January 28, 1935, a fire occurred which destroyed plaintiff's entire stock. The next day he applied to the agent Whalen for blank proofs of loss and Whalen handed him blanks which were entitled "Loss Report" which were apparently for the purpose of giving the company immediate notice of loss preliminary to the furnishing of formal and more detailed proof of loss. Whalen

also informed plaintiff that he had notified Mr. Webb, the adjuster for the insurance company, " and he will come." The same day Webb appeared and requested that plaintiff produce his inventory. Plaintiff produced a copy of the inventory and five files of bills relative to his merchandise which Webb examined and from which he took what he wanted, after which plaintiff inquired of Webb " what is there for me to do now?" to which Webb replied, " I will take care of the rest of it; there is nothing for you to do." Later plaintiff filled out the preliminary loss report in which he stated that there had been a total loss and that the item or items involved were " as per inventory." This plaintiff signed and swore to before a notary public and mailed the original to the defendant within sixty days after the fire. The evidence indicates that it was received by the defendant. No other or further proofs of loss were made by plaintiff. The complaint alleges the filing of proof of loss within sixty days after loss as required by the policy and full performance on the part of the plaintiff. At the close of plaintiff's case the defendant moved for a nonsuit on the ground that having alleged due performance and the filing of the required proof of loss plaintiff had failed to establish due performance in that he had not proven the filing of the requisite proof of loss, whereupon the motion was granted. It was a question of fact for the jury whether under the circumstances the paper filed by plaintiff with the defendant constituted a proof of loss. Furthermore plaintiff's testimony indicates that defendant by its adjuster Webb waived further performance. While the proof of waiver may not have established proof of due compliance with the terms of the policy as alleged in the complaint it would have justified the plaintiff in requesting an amendment of the complaint to conform to the proof. The evidence being sufficient to present a question of fact for the determination of the jury, the granting of the nonsuit was error. Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.